VALERIAN NIKOLAJEWSKI, APPELLANT, v. BOARD OF RE-
VIEW, DIVISION OF EMPLOYMENT SECURITY, DE-
PARTMENT OF LABOR AND INDUSTRY, STATE OF
NEW JERSEY, RESPONDENT.

Argued January 5, 1970—Decided May 4. 1970.

*Mr. Elson P. Kendall* argued the cause for the appellant.

*Mr. Edward A. Kaplan* argued the cause for the respondent.

The opinion of the Court was delivered

PER CURIAM. We granted certification in this case to
consider the narrow question of whether the claimant's
mental disability relieved him of the statutory requirement
of being under the care of a physician in order to qualify for
the benefits of the Unemployment Compensation Law, *N. J.
S. A.* 43:21–1 *et seq.* 54 *N. J.* 508 (1969).

While in military service in Korea, the claimant became mentally ill. He was later discharged from the army and returned home where he secluded himself in his room. He was not under the care of a physician after his discharge. Eventually his father sought benefits in his behalf under our Unemployment Compensation Law. Although petitioner's mental disability would ordinarily have qualified him for such benefits under the circumstances, his failure to be under the care of a physician during that period was held by the Board of Review and the Appellate Division to preclude the claim. *N. J. S. A.* 43:21-4(f)(1)(A). Claimant argued before us that his mental illness prevented him from seeking medical attention and that for this reason, the statutory requirement should not apply. Because of events which subsequently have been brought to our attention by the parties, we need not decide this question.

During the oral argument before us, we requested information regarding the possible receipt by the claimant of disability benefits from the Veterans Administration pursuant to federal law. 38 *U. S. C.* § 601 *et seq.* It appeared likely that the claimant's mental disability was "service connected" within the meaning of the federal statutes. Since the argument, we have received documentary information which reveals that the claimant has in fact received substantial sums from the federal government during the period for which he now claims benefits under our Unemployment Compensation Law. Our compensation law precludes benefits under these circumstances:

> "no benefits shall be payable * * * to any individual:
>
> \*        \*        \*        \*        \*        \*        \*        \*
>
> (D) for any week with respect to which or a part of which he has received or is seeking benefits under any * * * disability benefit law * * * of the United States * * *."
>
> *N. J. S. A.* 43:21-4(f)(1)(D).

Since the claimed benefits from the state and federal governments are for the same disability, and since the federal pay-

ments are in excess of those available from the State, no contention can properly be made that the above provision does not apply. See also *N. J. S. A.* 43:21–30; *Seatrain Lines, Inc. v. Medina,* 39 *N. J.* 222 (1963). *Cf. Renshaw v. U. S. Pipe & Foundry Co.,* 30 *N. J.* 558, 566 (1959); *McLaughlin v. Board of Review,* 7 *N. J. Super.* 12 (App. Div. 1950).

For the above reasons, the judgment of the Appellate Division is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal* — NONE.